**Robert FADEM; Mary O. Fadem, Plaintiffs–Appellants,**

**v.**

**UNITED STATES of America, Defendant–Appellee. (Three Cases).**

**Nos. 92–56400, 92–56404 and 92–56407.**

United States Court of Appeals, Ninth Circuit.

Dec. 2, 1994.

---

**534**

Robert S. Fadem and Mary O. Fadem, in Pro per.

D. Michael Waltz, Asst. U.S. Atty., San Diego, CA, for defendant-appellee.

Before: BRIGHT *, WIGGINS and T.G. NELSON, Circuit Judges.

## ORDER

The Order filed October 20, 1994, granting appellants' petition for rehearing is ordered to be published.

## ORDER

Circuit Judge BRIGHT and Circuit Judge T.G. NELSON have voted to grant Appellants' petition for rehearing.

*Fadem I, Fadem III, Fadem IV* and *Fadem V* are cases consolidated in the district

---

* Hon. Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by desig-

court for all purposes. Appellants appealed the district court's dismissal of *Fadem III, Fadem IV* and *Fadem V*. However, at the time of the appeal, it appeared that the district court had not yet resolved *Fadem I*. Consequently, the panel dismissed the appeal in a memorandum disposition, relying on *Huene v. United States,* 743 F.2d 703 (9th Cir.1984). *Huene* held that an order disposing of less than all of the consolidated cases is not a final order and is not appealable absent certification pursuant to Fed.R.Civ.P. 54(b). *Id.* at 705.

Unknown to the panel at the time of its decision, *Fadem I* had actually been resolved by settlement. The chronology of relevant events is as follows: On September 11, 16 and 17, 1992, Appellants filed notices of appeal in *Fadem III, Fadem IV* and *Fadem V*. On September 28, 1992, the district court entered an order of settlement in *Fadem I*, and on January 6, 1993, it entered an order dismissing *Fadem I*. On March 10, 1994, this appeal was submitted to the panel.

We have not previously addressed the issue of whether we may assume jurisdiction where the appellant files a notice of appeal from a nonfinal order disposing of only some of the consolidated cases, but subsequently, the remaining consolidated cases are finalized. However, in similar situations, we have held that we may assume jurisdiction absent the requisite Rule 54(b) certification where that absence is cured subsequent to the notice of appeal.

In *Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 680–81 (9th Cir.1980), an appeal in a multiple defendant suit, the appellant filed a notice of appeal from a nonfinal order dismissing some, but not all, of the defendants. Subsequently, the remaining defendants were dismissed. We noted that ordinarily we would not have jurisdiction absent Rule 54(b) certification. *Id.* at 680. However, we held that "subsequent events can validate a prematurely filed appeal" and treated the orders appealed from as final orders because the district court had dismissed the remain-

nation.

ing defendants. *Id.* at 681. We reasoned that there was "no danger of piecemeal appeal" and that "a practical rather than a technical construction to the finality rule" was appropriate. *Id.* Likewise, with regard to multiple claim suits, we have held that "judgments whose finality would normally depend upon a Rule 54(b) certificate may be treated as final and appealable under [28 U.S.C.] § 1291 if remaining claims subsequently have been finalized." *Dannenberg v. Software Toolworks, Inc.,* 16 F.3d 1073, 1075 (9th Cir.1994) (internal quotation and brackets omitted).

▇▇▇▇ In accord with our "pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule," *id.,* we hold that if the absence of Rule 54(b) certification in consolidated cases is cured after the notice of appeal is filed and if there is no prejudice to the parties, we have jurisdiction over the appeal. *Cf. Kersh v. General Counsel of Assemblies of God,* 804 F.2d 546, 547–58 n. 1 (9th Cir.1986) (proper Rule 54(b) certification in consolidated cases obtained after notice of appeal was filed is sufficient to confer appellate jurisdiction), *overruled on other grounds by, Hollinger v. Titan Capital Corp.,* 914 F.2d 1564, 1574 (9th Cir.1990); *Freeman v. Hittle,* 747 F.2d 1299, 1302 (9th Cir.1984) (same). In this case, although Rule 54(b) certification would ordinarily be required, its absence was cured when the district court dismissed *Fadem I* and no appeal was taken from that dismissal. Both parties fully briefed the appeal and both request that we exercise jurisdiction in this case; thus, neither party is prejudiced. Consequently, we hold that we have jurisdiction.

The memorandum decision is withdrawn and the petition for rehearing is GRANTED.

WIGGINS, Circuit Judge, dissenting:

The majority holds that the absence of Rule 54(b) certification in consolidated cases can be cured by finalization of outstanding claims after the notice of appeal is filed, if there is no prejudice to the parties. I dissent because the majority's broad rule, an uncodified extension of Federal Rule of Civil Procedure 54(b), threatens to swamp the nar-

rowly crafted Federal Rule of Appellate Procedure 4(a)(2). The rule announced by the majority takes over the function of Rule 4(a)(2) and allows appeals in situations that Rule 4(a)(2) does not cover. Moreover, the new rule creates uncertainty over jurisdiction, resulting in the potential for unfairness to litigants and in needless expenditure of judicial resources. Accordingly, I would not allow subsequent finalization of remaining claims in a consolidated case to substitute for certification under Rule 54(b).

The majority's holding has its roots in the principle announced in *Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 680–81 (9th Cir.1980), that "subsequent events can validate a prematurely filed appeal." *Id.* The principle was based on two cases, *Ruby v. Secretary of Navy,* 365 F.2d 385, 389 (9th Cir.1966) (en banc), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967), and *Firchau v. Diamond Nat'l Corp.,* 345 F.2d 269, 271 (9th Cir.1965), that subsequently formed the basis for Rule 4(a)(2). *See* Fed.R.App.P. 4(a)(2) advisory committee's note discussing 1979 amendments. *Anderson* itself was not mentioned by the advisory committee. *Id.*

Rule 4(a)(2) provides that, except as otherwise provided in Rule 4(a)(4), a notice of appeal "filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." In the paradigmatic Rule 4(a)(2) situation, a decision ending litigation on the merits is announced from the bench. Notice of appeal is filed before judgment is actually entered. Rule 4(a)(2) allows the premature notice of appeal to ripen when judgment is entered. *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991).

Rule 4(a)(2) as adopted is narrower than the sweeping statements of *Anderson,* which has since been cited for the proposition that "judgments whose finality would normally depend upon a Rule 54(b) certificate may be treated as final if remaining claims subsequently have been finalized, even by developments occurring after appeal." *Baker v. Limber,* 647 F.2d 912 (9th Cir.1981). In

*FirsTier*, the Supreme Court clarified the situations in which Rule 4(a)(2) may be used to validate a prematurely filed appeal.[1] Any doubt that 4(a)(2) is narrower than *Anderson* has been removed by *Serine v. Peterson*, 989 F.2d 371, 372 (9th Cir.1993) (holding that a notice of appeal from a magistrate's order was not validated when those recommendations were later adopted by the district court).

Any appeal that fits under Rule 4(a)(2)'s narrow exception would also be allowed under *Anderson*'s sweeping principle. Rule 4(a)(2), and *FirsTier*'s and *Serine*'s careful consideration of its limits, would be entirely unnecessary if the language of *Anderson* and subsequent cases were given its full scope. *Anderson* and its progeny should, therefore, be reconsidered.

On reconsideration, the *Anderson* principle should not be adopted. Neither *Anderson* nor its progeny gave adequate consideration to the potential problems of the *Anderson* approach. It is my view that confusion, unfairness, and waste of judicial resources result from allowing the absence of 54(b) certification to be cured by subsequent events disposing of outstanding claims or parties in consolidated cases.

In this Circuit, 54(b) certification obtained after the notice of appeal can validate a prematurely filed appeal if neither party is prejudiced. *Freeman v. Hittle*, 747 F.2d 1299, 1301–02 (9th Cir.1984). Because the danger of piecemeal appeals is even less when the entire case is wrapped up than when 54(b) certification is granted, it may seem like a natural step to allow subsequent events resulting in a final entry of judgment to substitute for the entry of judgment pursuant to 54(b). However, dispensing with the requirement of 54(b) certification means

that our jurisdiction over an appeal could remain uncertain until the day of the hearing. If 54(b) certification is a prerequisite to jurisdiction, it becomes clear on the day that 54(b) certification is granted or denied that we either have or lack jurisdiction over the appeal. If certification is denied, the appeal may be dismissed. In contrast, settlement or other disposition of the case can happen at any time. Under the new rule allowing settlement or disposition to validate the notice of appeal, this court could obtain jurisdiction at any time, without warning.

The jurisdictional uncertainty created by the new rule can affect the appellant and appellee unequally. Under a rule clearly requiring 54(b) certification, appellant and appellee are both aware of any pending motion and are equally positioned to assess its chances of success. The same is not true of settlement or other disposition of remaining claims that might validate the appeal. The outstanding claims or parties may concern only the appellant or appellee. While one party is conducting negotiations or arguing summary judgment motions on the remaining claims with third parties, the other party to the appeal may be unaware that settlement or disposition is likely. If the subsequent settlement is allowed to validate the appeal, the other party may not realize that this court has jurisdiction until the day of the hearing—or after, as in the current appeal.

Inquiring whether the parties are prejudiced by subsequent validation of the appeal may not fully correct the imbalance created by a system in which 54(b) certification may be dispensed with. First, one party will generally know sooner than the other that argument on the merits will be necessary. Second, the fact that the validity of the ap-

---

1. In *FirsTier*, the Supreme Court stated:
   Rule 4(a)(2) [does not permit] a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11 of the Federal Rules of Civil Procedure—to serve as a notice of appeal from the final judgment. A belief that such a decision is a final judgment would *not* be reasonable. In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a

   decision that *would* be appealable if immediately followed by the entry of judgment. In these instances, a litigant's confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise.
   498 U.S. at 276, 111 S.Ct. at 653.
   *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073 (9th Cir.1994), a recent case that adopted *Anderson* without mentioning Rule 4(a)(2) or discussing the implications of *FirsTier*, should not substitute for such reconsideration.

peal depends on the actions of one party but not the other gives one party unequal negotiating power during the pendency of the appeal.

The uncertainty over jurisdiction created by the new rule may not only cause unfairness to litigants, but also waste appellate court resources. This appeal is a case in point. A panel of judges prepared to hear the merits of the case, only to discover that the court lacked jurisdiction. The panel agreed to dismiss the case, only to discover, on petition for rehearing, that the court had jurisdiction after all. The panel will now reconvene to hear the merits. Attorneys will prepare a second time for oral argument and will travel again to where the panel sits. Such an expenditure of resources in this and similar cases could be saved by continuing to require 54(b) certification.

Once the rule requiring 54(b) certification is clear, dispensing with 54(b) certification yields no benefits to offset the potential unfairness and uncertainty. At best, the exception allows an appellant whose notice of appeal was premature to escape the consequences of his mistake. At worst, the exception opens the door to manipulation by litigants and removes the district judge as a check on procedural jockeying. Although I, too, would support "a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule," *Dannenberg,* 16 F.3d at 1073, I do not believe that the purposes of that rule are always filled by settlement or disposition of remaining claims. For this reason, I would hold that the absence of 54(b) certification can be cured only by 54(b) certification.