52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 COMMODITIES FUTURES TRADING COMMISSION, Plaintiff-Appellee,
v.
EUROGOLD EXCHANGE, Defendant
and
Gerald L. Rogers, aka: J.K. Glenn,
Defendant-Counter-Claimant-Appellant.
 No. 93-56132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1995.*
Submission Deferred Feb. 10, 1995.
Resubmitted April 7, 1995.
Decided April 11, 1995.
 
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 1. Subject Matter Jurisdiction
 
 2
 We conclude we have subject matter jurisdiction in this case despite the district court's failure to expressly dismiss the State of California as a counter defendant. The record indicates the district court's orders were intended to dismiss the State. In its order of June 9, 1993, it states there are "no longer ... any pending counterclaims." Moreover, Rogers concedes in his reply brief that the June 9th order indicated the district court dismissed the State in its order of April 21, 1993.
 
 
 3
 Nor does the district court's failure to expressly grant relief on behalf of the State preclude our jurisdiction. In a joint complaint, the State and the CFTC requested identical equitable relief which the district court granted. Because the State obtained the relief requested, we conclude the district court resolved the State's claim. To deny jurisdiction merely because the district court neither directly granted relief on behalf of the State nor expressly dismissed the State as a counter defendant, even though these were the practical effects of its orders, would not be just and practicable. Cf. Fadem v. United States, 42 F.3d 533, 535 (9th Cir.1994) (applying practical rather than technical construction of finality rule).
 
 2. Personal Jurisdiction
 
 4
 We reject Rogers' argument that the district court lacked personal jurisdiction over him under Article IX of the Extradition Treaty. We rejected his identical argument in Securities Exch. Comm'n. v. Eurobond Exch. Ltd., 13 F.3d 1334, 1337 (9th Cir.1994). Thus, he is collaterally estopped from relitigating the issue. See Town of N. Bonneville v. Callaway, 10 F.3d 1505, 1508 (9th Cir.1993) (discussing elements of collateral estoppel).
 
 
 5
 We also decline to consider Rogers' argument that the district court lacked jurisdiction pursuant to the Mutual Assistance Treaty. Rogers was never allowed to file his second amended counterclaims, thus this issue was not before the district court. See Gates v. Deukmejian, 987 F.2d 1392, 1407 (9th Cir.1992) ("As a general rule, we will not consider issues raised for the first time on appeal.").
 
 3. Summary Judgment
 
 6
 We hold the district court did not err in granting summary judgment to CFTC. The evidence clearly establishes Eurogold's option contracts were offered in violation of 7 U.S.C. Sec. 6c(b) and 17 C.F.R. Sec. 32.11; it does not support Rogers' contention that the options were bilateral repurchase options protected by the Treasury Amendment in 7 U.S.C. Sec. 2.
 
 
 7
 Eurogold's own brochure states Eurogold "rewr[o]te and [sold] the options over and over to the speculators worldwide," indicating third-party options buyers were involved. We reject Rogers' contention that this language was merely "sales talk" designed "to confuse the competition" and "to maintain trade secrets." Furthermore, Rogers conceded in his answer to the CFTC's complaint that the options were purchased by third parties and that neither he nor Eurogold was an option buyer. Proof of the identity of the option buyers is unnecessary because a violation of the Commodities Exchange Act does not require an actual sale of the commodity option contract. Instead, a solicitation of offers in connection with commodity option contracts constitutes a violation, and Eurogold's brochure is such a solicitation.
 
 
 8
 Finally, Rogers' attempt to distinguish British Am. Commodity Options Corp. v. Bagley, 552 F.2d 482 (2d Cir.), cert. denied, 434 U.S. 938 (1977), is meritless. Commodity options on physical commodities are governed by the CEA and its regulations. Neither a violation of Sec. 6c(b) nor Regulation 32.11 require the commodity option contracts to be sold on an exchange.
 
 4. Dismissal of Amended Counterclaims
 
 9
 The district court did not err in dismissing Rogers' amended counterclaims. The United States is the only proper defendant in an action pursuant to the FTCA. See 28 U.S.C. Secs. 2674, 2679(a). Rogers did not name the United States as a defendant nor did he attempt to serve the United States with a complaint as required by Fed.R.Civ.P. 41(a). Rogers' allegation that the United States was a member of a conspiracy falls short of properly bringing an FTCA claim against the United States.
 
 
 10
 We decline to review whether Rogers' counterclaims were properly brought pursuant to the Administrative Procedures Act (APA) because he raises this argument for the first time on appeal. See Deukmejian, 987 F.2d at 1407 ("As a general rule, we will not consider issues raised for the first time on appeal.").
 
 
 11
 5. Denial of Motion to File Second Amended Counterclaims
 
 
 12
 The district court did not abuse its discretion in denying Rogers' leave to file his second amended counterclaims. Rogers failed to allege a viable counterclaim after two attempts and the passage of over three years. The CFTC and the State would be prejudiced by having to repeatedly respond to and defend against newly alleged counterclaims. Rogers' attempt to allege a violation of the APA and the Mutual Assistance Treaty would have altered the nature of the litigation. And finally, Rogers' counterclaims remained unsupportable despite his repeated attempts to cure their defects. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (discussing factors supporting denial of amendment).
 
 6. Denial of Discovery Motion
 
 13
 We hold the district court did not abuse its discretion in denying Rogers' discovery motion. The additional facts which Rogers contends he sought through discovery would not have precluded summary judgment. Thus, he was not entitled to further discovery. See ex rel. Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994) (discussing when leave for further discovery is required).
 
 7. Due Process Violation
 
 14
 Rogers alleges his counterclaims against the State were dismissed without notice. It appears the district court assumed its dismissal of the counterclaims against CFTC also encompassed the counterclaims against the State. Although this assumption was in error, we can affirm the district court's dismissal of the State on any grounds supported by the record. See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.1984).
 
 
 15
 We hold that Rogers' counterclaims against the State are proscribed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 99 (1984) ("[A] suit in which the State ... is named as the defendant is proscribed by the Eleventh Amendment," absent waiver or congressional abrogation.). The State has not waived its immunity from Sec. 1983 claims. See Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1988) (holding state entity immune from Sec. 1983 claim), cert. denied, 490 U.S. 1081 (1989). Nor has it waived its immunity from RICO claims. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding California Constitution does not waive immunity from federal court jurisdiction); Production & Leasing Ltd. v. Hotel Conquistador, 709 F.2d 21, 21 (9th Cir.1983) (Absent waiver or consent, the Eleventh Amendment proscribes a RICO claim against a state.).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3