116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MAI SYSTEMS CORPORATION, Plaintiff-Appellant,
v.
WALBERT ENTERPRISES, INC.; Gene H. Walbert, Defendants-Appellees.
MAI SYSTEMS CORPORATION, Plaintiff,
and
Kip SCHWARTZ; Marilyn Jenkins Milner, Appellants,
v.
Sig SCHREIBER, Defendant-Appellee.
MAI SYSTEMS CORPORATION, Plaintiff-Appellant,
v.
Gene H. WALBERT, d/b/a WALBERT ENTERPRISES; Sigismund
Schreiber, Defendants-Appellees.
 Nos. 95-55706, 95-56275, 96-55148, 96-55550.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted January 6, 1997.
Decided June 9, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-95-00215-R; Manuel L. Real, District Judge, Presiding.
 
 
 2
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,** District Judge.
 
 
 3
 MEMORANDUM*
 
 OVERVIEW
 
 4
 These four consolidated appeals arise out of two lawsuits initiated by MAI Systems Corporation ("MAI") against 1) Walbert Enterprises, Inc. and Gene H. Walbert, and 2) Sigismund Schreiber (collectively "Defendants"). MAI attorneys Kip Schwartz, David J. Meyer, Marilyn Jenkins Miller, Martin J. Trupiano, and Graham & James (collectively "Attorneys") appeal: 1) the district court's order imposing sanctions against MAI and Attorneys for filing and refusing to dismiss the breach of contract claim in bad faith in the Walbert case (95-55706); 2) a similar sanctions order imposed for the same reasons in the Schreiber case (95-56275); and 3) the district court's orders imposing sanctions against MAI and Attorneys for refusing to comply with discovery orders and for bringing a Motion for Reconsideration of discovery orders. (96-55148).[1]
 
 
 5
 MAI appeals the district court's grant of summary judgment in favor of Defendants, alleging primarily: 1) that the district court abused its discretion by precluding MAI from introducing certain damages evidence as a sanction for discovery misconduct; and 2) that the district court erred in finding that MAI abandoned its remaining (non-precluded) damages claims and that MAI admitted it could not prove the required damages element of any of its claims. (96-55550).
 
 
 6
 Because the parties are familiar with the procedural history of the case, we will not repeat it here.
 
 JURISDICTION
 
 7
 Three of the four orders being appealed are orders imposing sanctions. Since the filing of each of the appeals from the sanctions orders, the district court has entered final judgment in the underlying actions. We have jurisdiction to review sanctions orders after final judgment has been entered. Kordich v. Marine Clerks Assoc., 715 F.2d 1392, 1393 (9th Cir.1983). We have held that "[w]hen reviewing final judgments in civil proceedings we have jurisdiction to review any interlocutory orders or other rulings that may have affected the outcome below." Chacon v. Wood, 36 F.3d 1459, 1466 (9th Cir.1994); see Sackett v. Beaman, 399 F.2d 884, 889 n. 6 (9th Cir.1968) ("All interlocutory rulings merged in the final judgment and are reviewable on the appeal therefrom.").
 
 
 8
 Further, we can assume jurisdiction over a premature appeal from a non-final order if, subsequent to the notice of appeal, the court enters a final judgment. See Fadem v. United States, 42 F.3d 533, 535 (9th Cir.1994) (order granting petition for rehearing) (assuming jurisdiction over appeal where appellant filed notice of appeal from non-final order disposing of only some of consolidated cases, but remaining consolidated cases were subsequently finalized); Anderson v. Allstate Ins. Co., 630 F.24 677, 681 (9th Cir.1980) ("[S]ubsequent events can validate a prematurely filed appeal.").
 
 
 9
 The notices of appeal from the orders imposing sanctions on both MAI and Attorneys for the breach of contract claims named only MAI as the appellant. Defendants argue that this court lacks jurisdiction because Attorneys failed to indicate that they, not their client, were appealing. See Fed. R.App. P. 3(c).
 
 
 10
 The 1993 amendments to Fed. R.App. P. 3(c) provide that an appeal "will not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice." Id. We conclude that Attorneys' intent to appeal was objectively clear from the notices of appeal, and therefore that the notices were adequate.
 
 
 11
 Thus, we deny Walbert's Motion to Dismiss for Lack of Jurisdiction.
 
 STANDARD OF REVIEW
 
 12
 We review for an abuse of discretion: 1) sanctions imposed pursuant to section 1927, In re Keegan Management Co. Sec. Litig., 78 F.3d 431, 435 (9th Cir.1996); 2) sanctions imposed pursuant to a district court's inherent power, Chambers v. NASCO. Inc., 501 U.S. 32, 55 (1991); 3) a district court's rulings concerning discovery, including orders compelling a party to comply with discovery requests, Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9th Cir.1995) (per curiam); and 4) discovery sanctions, Dahl v. City of Huntington Beach, 84 F.3d 363, 367 (9th Cir.1996).
 
 
 13
 We review for clear error: 1) a district court's factual finding of bad faith, New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1305 (9th Cir.1989); and 2) a district court's findings of fact underlying discovery sanctions. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990).
 
 
 14
 We review a grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 DISCUSSION
 
 15
 I. SANCTIONS ARISING OUT OF THE REFUSAL TO DISMISS THE BREACH OF CONTRACT CLAIMS[2]
 
 A. The Walbert Case (No. 95-55706)
 
 16
 The district court imposed sanctions pursuant to both 28 U.S.C. § 1927 and its inherent powers for Attorneys' filing and refusing to dismiss the breach of contract claim in bad faith.
 
 
 17
 A district court can impose sanctions under its inherent power when a party has willfully disobeyed a court's order, or "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers, 501 U.S. at 46. Attorneys contend that the court erred in imposing sanctions under its inherent power because their conduct was within the scope of Rule 11. However, a court is not "forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules." Id. at 50. Further, although Rule 11 reaches litigants who "waste[ ] judicial resources by filing a pleading that is not well grounded in fact," Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 409 (1990) (Stevens, J., concurring in part and dissenting in part), the court sanctioned Attorneys not only for filing a frivolous claim, but also for failing to dismiss it. Attorneys' refusal to dismiss the claim aggravated their initial mistake. Thus, the sanctioned conduct transcended the scope of Rule 11. The Supreme Court has explained that "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." Chambers, 501 U.S. at 50. We conclude that the district court properly exercised its "informed discretion" when it relied on its inherent powers to sanction Attorneys.
 
 
 18
 Further, the district court's finding of bad faith was not clearly erroneous. Attorneys admit that they did not have the factual support for alleging breach of contract at the time the Complaint was filed. Walbert denied that he was employed by MAI, as alleged in the Complaint, and his attorney requested that the claim be dismissed. Attorneys nonetheless opposed Walbert's motion for summary judgment, despite their lack of evidence supporting the existence of a contract. Given these facts, we conclude that the district court's finding of bad faith was not clearly erroneous.
 
 
 19
 Because we hold that the district court had authority under its inherent powers to impose sanctions on Attorneys, we need not consider whether section 1927 also authorized the sanctions. We therefore affirm the district court's March 10 award of attorneys' fees and costs in the amount of $6,116.00.
 
 B. The Schreiber Case (No. 95-56275)
 
 20
 Our reasoning regarding the propriety of the district court's use of its inherent powers to sanction Attorneys for filing and refusing to dismiss the frivolous breach of contract claim in the Walbert case applies with equal force in the Schreiber action. Thus, we must consider only whether the district court's implicit finding that MAI and Attorneys acted in bad faith by filing and refusing to dismiss the breach of contract claim with prejudice was clearly erroneous. We have reviewed the record to determine whether sanctions were justified. See MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir.1991) (examining record to determine whether sanctions were justified when section 1927 sanction order did not contain explicit finding of bad faith).
 
 
 21
 Although the court did not use the words "bad faith" in its April 17 order, the behavior the court found--"that MAI and its lawyers had no basis for asserting the cause of action against Schreiber in the first place; no basis for refusing to dismiss it with prejudice; and ample warning that they would incur additional sanctions for engaging in such conduct"--is sufficient to constitute bad faith. We conclude that this implicit finding of bad faith was not clearly erroneous, and therefore we affirm the district court's April 17 award of costs and attorneys' fees in the amount of $1,760.00 and the additional imposition of sanctions in the amount of $141.00.
 
 II. THE DISCOVERY DISPUTE
 A. Compliance with the Discovery Order
 
 22
 Initially, we consider whether MAI and Attorneys violated the district court's order compelling discovery, and we conclude that MAI willfully violated only one of the five discovery requests.
 
 1. Interrogatory No. 24
 
 23
 Defendants asked MAI to state the amount of revenues received solely from copying a computer program into its maintenance customers' computers. MAI responded that loading or copying the software was an integral step in providing maintenance services. The district court determined that this answer was inadequate and ordered MAI to state the exact dollar amount received solely from copying the program. MAI once again failed to do so. We therefore conclude that MAI willfully violated the district court's order compelling discovery.
 
 2. Interrogatory No. 1
 
 24
 Defendants asked MAI to state how much it charges other companies to use its software. MAI responded that third-party maintenance companies must pay the same license fees as other end-users. MAI then referred Schreiber to the price lists it had already produced and stated the typical license fee. Federal Rule of Civil Procedure 33(d) allows a party to answer an interrogatory by specifying and providing business records when the answer may be derived or ascertained from the business records and the burden of doing so is substantially the same for the party serving the interrogatory and the party served. This answer adequately responds to the interrogatory.
 
 3. Interrogatory Nos. 17, 18, and 19
 
 25
 Defendants asked MAI to state the names and addresses of each California person to whom it had sent an invoice for use of MAI's computer software and the names of each person who sent the amount requested. Because MAI did not maintain a list of those who had paid, they provided two computer printouts to Defendants, which listed: 1) names and addresses of customers to whom an invoice was sent, and 2) names of customers who had not paid. MAI explained that customers appearing on the first list but not on the second had paid.
 
 
 26
 The printouts adequately answer the interrogatory via Rule 33(d)'s option to produce business records. The burden of comparing the lists to obtain an answer to Interrogatory No. 19 is substantially the same for MAI and for Defendants.
 
 
 27
 B. Money Sanctions Against Attorneys for Failure to Comply
 
 
 28
 with Discovery Order (No. 96-55148)
 
 
 29
 A district court may sanction under section 1927 and under its inherent power only upon a finding of bad faith. Willfully disobeying a court's order is sufficient to warrant such sanctions. Fed.R.Civ.P. 37(b) authorizes a court to grant reasonable expenses, including attorneys' fees, caused by a party's failure to comply with a discovery order, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir.1994).
 
 
 30
 The district court imposed sanctions pursuant to Rule 37, section 1927, and its inherent powers, finding that "MAI and its lawyers refused to comply with previous Court orders in bad faith, and in so doing, unreasonably and vexatiously multiplied the proceedings in this case." Because MAI adequately responded to four of the five interrogatories that were the subject of the discovery order, we conclude that the district court clearly erred in finding that they acted in bad faith with respect to those four interrogatories, and that it abused its discretion by imposing sanctions arising from failure to answer those four interrogatories. However, because MAI violated the district court's order compelling discovery by refusing to provide the required response to Interrogatory No. 24, we conclude that the district court did not clearly err in finding that MAI acted in bad faith with respect to that interrogatory, and that it did not abuse its discretion by imposing sanctions for failure to answer that interrogatory.
 
 
 31
 We vacate the district court's December 18 award granting attorneys' fees and costs in the amount of $12,342.00, and we remand to the district court with instructions to recalculate the amount of sanctions appropriate for violation of only one of the five interrogatories, in light of the above holding.
 
 
 32
 C. Money Sanctions Against Attorneys for Seeking
 
 Reconsideration (No. 96-55148)
 
 33
 A party may properly seek reconsideration of a district court's ruling on the basis that the court "committed clear error or the initial decision was manifestly unjust." School Dist. No. 1J. Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Central District of California Local Rule 7.16 provides:
 
 
 34
 A motion for reconsideration of the decision on any motion may be made only on the grounds of ... (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.
 
 
 35
 In their Motion for Reconsideration, MAI argued, inter alia, that the district court's ruling ignored their responses to essential discovery items, overlooked Interrogatory No. 24 and Request for Admission No. 8 in the flood of documents, and made disputed factual findings. The court denied MAI's motion because "MAI has repeated arguments made in the underlying motion, and there is no showing of a material difference in law or fact, emergence of new material facts or law, or failure to consider facts." It then ordered MAI and Attorneys to pay attorneys's fees, pursuant to section 1927 and its inherent power, because "MAI and its lawyers have unnecessarily and unreasonably multiplied this litigation by this motion." MAI's motion rests not on a failure to consider material facts, but on a misapplication of law. Further, they repeated arguments made in their opposition to the Motion to Compel in violation of Local Rule 7.16. We hold that the district court did not abuse its discretion by imposing sanctions pursuant to section 1927 and its inherent powers. We therefore affirm the district court's December 18 award of attorneys' fees in the amount of $1,270.00.
 
 
 36
 D. Preclusion Sanctions Against MAI (No. 96-55550)
 
 
 37
 The district court imposed issue preclusion sanctions, pursuant to Federal Rule of Civil Procedure 37, because "MAI willfully violated previous Court orders." Because we conclude that MAI did not willfully violate the district court's order compelling discovery with respect to four of the five interrogatories at issue, we vacate the preclusion sanctions, and we remand to the district court to reconsider the preclusion sanctions in view of the one remaining discovery violation.
 
 
 38
 E. Summary Judgment and Attorneys' Fees (No. 96-55550)
 
 
 39
 Because we vacate the preclusion sanctions upon which the summary judgment was predicated, we also vacate the grant of summary judgment, the final judgment, and the award of attorneys' fees in the amount of $188,290.85.
 
 CONCLUSION
 
 40
 We have jurisdiction to consider the sanctions orders, and we affirm the district court's imposition of sanctions, pursuant to its inherent powers, on Attorneys for filing and refusing to dismiss the breach of contract claims in both the Walbert and the Schreiber actions.
 
 
 41
 We conclude that the district court clearly erred in finding that MAI and Attorneys failed to comply with the order compelling discovery with respect to Interrogatory Nos. 1, 17, 18, and 19. However, the district court did not err in finding that MAI and Attorneys willfully disobeyed the district court's order with respect to Interrogatory No. 1. Therefore we vacate the monetary sanctions imposed on Attorneys and remand to the district court with instructions to recalculate the appropriate amount of attorneys' fees in view of the one remaining violation. We also vacate the issue preclusion sanctions imposed on MAI and remand to the district court with instructions to reconsider whether the preclusion sanctions are appropriate in light of the one remaining discovery violation.
 
 
 42
 We affirm the sanctions imposed against Attorneys for filing a Motion for Reconsideration of the discovery order.
 
 
 43
 Finally, because we vacate the preclusion sanctions, we also vacate the summary judgment and the attorneys' fees.
 
 
 44
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 **
 The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 A different combination of Attorneys (composed of the firm Graham & James, Schwartz, and one other attorney) appeal each of the three sanctions orders
 
 
 [2]
 We deny Attorneys' Post-Argument Motion for Leave to File Supplemental Excerpts of Record and to Supplement Record