Richard B. DANNENBERG; Mindy Blitz; Kenneth Homer Fleisher; Steven G. Cooperman; Nathaniel Orme; Ervin H. Fishman, et al., Plaintiffs–Appellants,

v.

The SOFTWARE TOOLWORKS INC.; Leslie Crane; Elizabeth M. Barker; Deloitte & Touche, et al.; PaineWebber Incorporated; Montgomery Securities, Defendants–Appellees.

No. 92–16718.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 1993.

Decided Feb. 18, 1994.

Leonard B. Simon and Alan Schulman, Milberg Weiss Bershad Spechthrie & Lerach, San Diego, California; Sherrie R. Savett, Berger & Montague, Philadelphia, Pennsylvania; Ronald Litowitz, Bernstein Litowitz Berger & Gorssmann, New York, New York, for the plaintiffs-appellants.

Leslie G. Landau, McCutchen, Doyle, Brown & Enersen, San Francisco, California, for defendant-appellee Deloitte & Touche.

Boris Feldman, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, California, for defendants-appellees Montgomery Securities and PaineWebber.

William F. Alderman, Orrick, Herrington & Sutcliffe, San Francisco, California, for amicus curiae.

Before: LAY,* HALL, and THOMPSON, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

The class-action plaintiffs in the securities litigation involving Software Toolworks, Inc.

---

* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designa-

tion.

appeal the district court's partial summary judgment in favor of defendant auditors Deloitte & Touche ("Auditors") and defendant underwriters Montgomery Securities and PaineWebber, Inc. ("Underwriters"). Because the plaintiffs failed to obtain Rule 54(b) certification to appeal the district court's nonfinal order, we dismiss for lack of jurisdiction.

## I.

In October 1990, the plaintiffs filed a class action against the Auditors and Underwriters for alleged violations of federal securities laws. In March 1992, the district court granted summary judgment in favor of the Underwriters on all claims and in favor of the Auditors on every claim other than one cause of action under § 11 of the Securities Act of 1933. *See In re Software Toolworks, Inc. Sec. Litigation,* 789 F.Supp. 1489 (N.D.Cal.1992). Following this partial summary judgment order, the plaintiffs stipulated with the Auditors to dismiss the remaining § 11 claim on the following terms:

> 1. Plaintiffs agree to dismiss their remaining claim against Deloitte under Section 11 of the Securities Act of 1933 without prejudice.

> 2. Upon the dismissal of their Section 11 claim against Deloitte, plaintiffs may appeal the court's [partial summary judgment] Order.... In the event that any portion of the Order which grants Deloitte summary judgment on plaintiffs' [other] claims ... is reversed on appeal, plaintiffs may refile any portion of their Section 11 claim as to which summary adjudication has not been entered in Deloitte's favor, or as to which summary adjudication in Deloitte's favor has been reversed, within 30 days of the date such reversing decision becomes final, without objection from Deloitte. Deloitte waives any statute of limitations or other time-related defense to plaintiffs refiling their Section 11 claim within such 30–day period. In the event that the partial summary judgment on plaintiffs' [other] claims against Deloitte is

affirmed in its entirety by the Ninth Circuit or Supreme Court decision, plaintiffs' Section 11 claim against Deloitte shall be deemed dismissed with prejudice as of the date such decision becomes final.

The district court approved the stipulation and the plaintiffs subsequently filed this appeal pursuant to 28 U.S.C. § 1291, which accords appellate jurisdiction over "final decisions." The plaintiffs neither sought nor obtained a judgment under Federal Rule of Civil Procedure 54(b), pursuant to which district courts may issue final judgments as to fewer than all claims or parties "upon an express determination that there is no just reason for delay."

The Underwriters have moved to dismiss the appeal for lack of jurisdiction, arguing that the stipulation could not transform the district court's nonfinal, nonappealable order into a final, appealable order. We agree.[1]

## II.

Under the final judgment rule embodied in 28 U.S.C. § 1291, parties may appeal only the "final decisions of the district courts." A final judgment under § 1291 is "a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (internal quotation omitted). By requiring parties to "raise all claims of error in a single appeal following final judgment on the merits," *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981), § 1291 "forbid[s] piecemeal disposition on appeal of what for practical purposes is a single controversy," *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940).

■ "It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291." *Cheng v. Commissioner,* 878 F.2d 306, 309 (9th Cir. 1989). *See, e.g., Seattle Audubon Soc'y v.*

1. Although a motions panel of this Court previously denied the Underwriters' motion to dismiss, we have an independent duty to determine whether appellate jurisdiction exists. *E.g., Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1441 (9th Cir. 1991).

*Espy*, 998 F.2d 699, 705 (9th Cir.1993). As a result, parties ordinarily must obtain Rule 54(b) certification in order to appeal partial summary judgments. *E.g., Sierra Club v. DOT*, 948 F.2d 568, 571–72 (9th Cir.1991). We do, however, take a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule. Specifically, "judgments whose finality would normally depend upon a Rule 54(b) certificate may be treated as final [and appealable under § 1291] if remaining claims subsequently have [ ] been finalized." *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir.1981). *E.g., Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 554 (9th Cir.1986), *cert. denied*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987); *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–81 (9th Cir.1980).

Here, the plaintiffs never obtained Rule 54(b) certification. We therefore have jurisdiction over their appeal of the district court's partial summary judgment only if the dismissal stipulation "finalized" the district court order. We conclude that it did not.

### A.

■ In *Cheng v. Commissioner*, 878 F.2d 306 (9th Cir.1989), we dismissed an appeal for lack of jurisdiction on virtually indistinguishable facts. In that case, after the Tax Court granted partial summary judgment for the Commissioner of Internal Revenue on some, but not all, of the disallowed deductions challenged by the petitioner, "the parties entered into a stipulation and order to permit the entry of a appealable final order." *Id.* at 308. The terms and effect of that stipulation are very similar to the terms and effect of the agreement here:

> Petitioner wishes to appeal the Court's order granting Respondent's motion for partial summary judgment. The parties recognize that in the event that the Court's motion for partial summary judgment is reversed on appeal and the case remanded to the Tax Court the remaining issues may have to be tried before the Court. However, in order to permit the entry of a final appealable decision at this time and without in any way impairing the parties ability

to litigate the remaining issues, the parties hereby stipulate that:

> [A final order] ... may be entered by the Court upon the stipulation that Petitioner is not conceding the remaining issues and should a decision be entered in favor of Petitioner on appeal and the case remanded to the Court, Petitioner will, on remand, be permitted to present [his other claims for deductions].

*Id.* Pursuant to this stipulation, the Tax Court "enter[ed] a decision in the full amount of the deficiencies asserted by the Commissioner" (*i.e.*, a decision against the petitioner on all the claimed deductions) but allowed the petitioner to maintain "the right to resurrect the issues waived ... should the case be reversed." *Id.* at 308–09.

We found the stipulation insufficient to convert the partial summary judgment into a final order:

> [A]n order must conclusively terminate the litigation in order to be considered final; an order that *may* terminate the proceeding is insufficient.... [T]he requirement that all claims of error be raised in a single appeal is not satisfied if there is a *possibility* that more than one appeal will be filed. Treating an order that has the potential of leading to multiple appeals as final would be inconsistent with Congress's policy disfavoring piecemeal appellate review....

> The Tax Court's order in this case, as a result of the parties' stipulation, does not conclusively end the litigation on the merits; review of the order will result in piecemeal review were we to reverse. Were we to entertain this appeal and reverse the Tax Court on the issue presently before us, it is not at all unlikely that the party that loses below would file an appeal on the waived issues.

*Id.* at 310.

To reach this conclusion, we noted that an exercise of jurisdiction over partial summary judgments might require "repeated refamiliarization with the case" in the likely event of a subsequent appeal, result in resolution of "an issue on appeal unnecessarily," and "undermine one of the primary purposes under-

lying the final judgment rule—the efficient use of judicial resources." *Id.* (internal quotation omitted). We also disapproved of the parties' manipulation of the appellate process: "A plaintiff who has alleged several separate claims could .conceivably appeal as many times as he has claims if he is willing to stipulate to the dismissal of the claims (contingent upon the affirmance of the lower court's judgment) the court has not yet considered." *Id.* at 311. Noting that the petitioner "could easily have avoided the finality problem by simply dismissing his remaining claim and defenses without the option to pursue them should this court reverse," *id.*, we were not troubled by our decision to dismiss the appeal.

Each of the considerations we delineated in *Cheng* is present in this case. First, if we were to exercise jurisdiction and reverse the district court on some or all of the claims on which it granted summary judgment, the plaintiffs will surely reinstate their § 11 claim against the Auditors. Upon the district court's final disposition of that claim, the losing party undoubtedly will appeal to this court, necessitating refamiliarization with the case. Second, requiring the plaintiffs to litigate the remaining § 11 claim might render unnecessary our review of the grounds for § 11 liability on which the district court did grant summary judgment. And, third, dismissal is not fatal to the plaintiffs' desire for quick review; they can return immediately to this court either by dismissing the § 11 claim with prejudice (and thus "finalizing" the partial summary judgment) or by persuading the district court to issue a Rule 54(b) certificate.

*Cheng* remains good law. In *Horn v. Berdon, Inc. Defined Benefit Pension Plan,* 938 F.2d 125 (9th Cir.1991), we exercised jurisdiction over a summary judgment appeal after the parties stipulated to dismiss without prejudice an unresolved counterclaim. In so doing, however, we noted that *Cheng* would apply to the circumstances of this case:

> The present case is distinguishable [from *Cheng*]. Here, defendants dismissed their counterclaim with the understanding it would be reinstated if this court set aside the order granting summary judg-

ment on the underlying action. In contrast to *Cheng*, however, the revivable claim was solely for indemnification, entirely dependent upon plaintiffs' success in the underlying action. It could not have been heard by the district court after the court granted summary judgment for defendants. *There were, in sum, no claims left for the district court to hear after granting summary judgment against the plaintiffs.*

*Id.* at 126–27 n. 1 (emphasis added). In this case, of course, the remaining § 11 claim was not derivative of the plaintiffs' other claims; the district court could have tried that cause of action even after granting summary judgment on the other claims. *Horn* solidifies our conclusion that we lack jurisdiction.

**B.**

We find further support for our decision to dismiss the plaintiffs' appeal in analogous cases discussing whether parties may voluntarily dismiss (or may refuse to further prosecute in order to have the court involuntarily dismiss) unresolved claims without prejudice in order to secure appellate review of nonfinal district court orders. Although these cases do not involve stipulations to dismiss claims with the right to reinstate upon reversal, they implicate identical policy concerns and therefore are highly relevant.

In *Fletcher v. Gagosian,* 604 F.2d 637 (9th Cir.1979), for example, we dismissed an appeal from an interlocutory order after the plaintiff had voluntarily dismissed without prejudice the unresolved claims. We held that dismissal did not "convert[ ] what had been an unappealable order into an appealable order" and rejected "the notion that the policies against multiplicity of litigation and against piecemeal appeals may be avoided at the whim of a plaintiff." *Id.* at 638–39. Similarly, in *Huey v. Teledyne, Inc.,* 608 F.2d 1234 (9th Cir.1979), we refused to review an interlocutory order after the district court dismissed, without prejudice, the plaintiff's claims for failure to prosecute:

> If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain re-

view of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C. § 1291.

*Id.* at 1239 (quoting *Sullivan v. Pacific Indem. Co.*, 566 F.2d 444, 445–46 (3d Cir.1977)). Finally, in *Ash v. Cvetkov*, 739 F.2d 493 (9th Cir.1984), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985), we followed *Huey* under similar circumstances and noted that "[i]t would be unwise to encourage all would-be appellants from interlocutory orders to delay for the purpose of dismissal for lack of prosecution and review of otherwise unreviewable decisions." *Id.* at 497.[2]

■ Although we appeared to take the opposite position in *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 (9th Cir. 1984), we find that case distinguishable here. After the district court in *Robertson* dismissed several counts for failure to state a claim, the plaintiff voluntarily dismissed without prejudice his remaining causes of action and, without analysis, we exercised jurisdiction over the subsequent appeal. In *Robertson*, however, unlike in *Cheng* and in this case, the claims disappeared from the district court once the plaintiff dismissed them. Here, as in *Cheng*, the parties stipulated to revive the dismissed claims in the event of reversal on appeal. In essence, the claims remained in the district court pending a decision by this court. We see this as a

clear, and impermissible, attempt to circumvent Rule 54(b). As a result, we find *Fletcher, Huey,* and *Ash,* which all rest on the same premise as *Cheng*—litigants should not be able to avoid the final judgment rule without fully relinquishing the ability to further litigate unresolved claims—more persuasive and supportive of our decision to dismiss the appeal.[3]

We also note that a majority of other circuits similarly refuse to exercise jurisdiction over nonfinal orders after dismissal without prejudice of unresolved claims. In particular, the Third, Fifth, and Tenth Circuits follow the exact reasoning of *Fletcher, Huey,* and *Ash. See Sullivan,* 566 F.2d at 445; *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 300–03 (5th Cir.1978); *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir.1992). *See also Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1155 (3d Cir.1986) (using a pragmatic approach similar to *Horn* and exercising jurisdiction only after concluding "that the dismissal, which was nominally without prejudice, was for our purposes a final dismissal" because the statute of limitations would prevent the plaintiffs from refiling any dismissed claims), *cert. denied*, 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1987). Although the Seventh and Eighth Circuits appear undecided on the issue,[4] and the Sixth Circuit has exercised jurisdiction in at least one similar case,[5] our decision is in line with most other courts to consider analogous situations. The

**2.** The motions panel cited *Ash* for the proposition that an order dismissing an action without prejudice is itself an appealable order. Although true, that proposition is not at issue in this case. The plaintiffs do not appeal the dismissal of their § 11 claim. (They, in fact, *requested* that dismissal). Because *Ash* holds that dismissal without prejudice does not permit review of interlocutory orders, the case actually supports our decision to dismiss for lack of jurisdiction.

**3.** Despite the plaintiffs' vigorous assertions to the contrary, our decision in *Anderson* is inapposite because the·district court in that case had dismissed *with prejudice* the remaining unresolved claims. *Anderson*, 630 F.2d at 680. Because the *Anderson* plaintiffs were not free to relitigate the dismissed claims, as the plaintiffs in this case would be if we were to exercise jurisdiction and reverse the district court, we had no reason to be concerned about circumvention of the final judgment rule.

**4.** *Compare Horwitz v. Alloy Automotive Company,* 957 F.2d 1431, 1436 (7th Cir.1992) (refusing to hear appeal after dismissal without prejudice) *and DuBose v. Minnesota*, 893 F.2d 169, 171 (8th Cir.1990) (same) *with Division 241 Amalgamated Transit Union v. Suscy*, 538 F.2d 1264, 1266 & n. 1 (7th Cir.) (hearing, without analysis, appeal from nonfinal order after plaintiff dismissed without prejudice the unresolved claims), *cert. denied*, 429 U.S. 1029, 97 S.Ct. 653, 50 L.Ed.2d 632 (1976) *and Chrysler Motors Corp. v. Thomas Auto Co.*, 939 F.2d 538, 540 (8th Cir.1991) (same).

**5.** *See Hicks v. NLO, Inc.*, 825 F.2d 118, 119 (6th Cir.1987) (hearing appeal from partial summary judgment after voluntary dismissal without prejudice of remaining claims).

majority position therefore provides further support for our dismissal of this appeal.[6]

## III.

In light of *Cheng* and analogous Ninth Circuit cases, we dismiss this appeal for lack of jurisdiction. If, upon return to the district court, the plaintiffs dismiss their remaining § 11 claim with prejudice or procure Rule 54(b) certification and then file a timely appeal, "the record, briefs, and all papers filed in this appeal will be transferred to the new appeal and the case will be assigned to this panel." *Warehouse Restaurant, Inc. v. Customs House Restaurant, Inc.*, 726 F.2d 480, 481 (9th Cir.1984). *See Illinois Tool Works, Inc. v. Brunsing*, 378 F.2d 234, 236 (9th Cir.1967); *Metal Coating Corp. v. National Steel Constr. Co.*, 350 F.2d 521, 522–23 (9th Cir.1965); 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2660 (2d ed. 1983). However, "[w]e are not to be understood as suggesting that the district court should or should not make the express determination or give the express direction mentioned in Rule 54(b). These are matters exclusively within the discretion of the district court." *Illinois Tool Works*, 378 F.2d at 236. We also express no opinion as to the class-action plaintiffs' ability to dismiss with prejudice their one remaining claim without providing notice to the class. *Cf.* Fed. R.Civ.P. 23(e).

**APPEAL DISMISSED.**

---

**6.** We find the Supreme Court's decision in *National Broiler Marketing Ass'n v. United States*, 436 U.S. 816, 98 S.Ct. 2122, 56 L.Ed.2d 728 (1978), unhelpful. Although the plaintiffs in *National Broiler* appear to have dismissed without prejudice some claims in order to facilitate appellate review of a partial summary judgment, *see id.* at 819 n. 5, 98 S.Ct. at 2125 n. 5, the Court did not adjudicate the propriety of such a tactic. Instead, the Court merely noted the procedural posture of the litigation and proceeded to determine the merits of the appeal. In light of the Court's subsequent decisions stressing the importance of preventing piecemeal appeals, *see Coopers & Lybrand*, 437 U.S. at 467 n. 8, 98 S.Ct. at 2457 n. 8; *Flanagan v. United States*, 465 U.S. 259, 264, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288, we decline to read *National Broiler* as approving attempts to manufacture jurisdiction through dismissal stipulations.