**LOCAL MOTION, INC.,**
Plaintiff–Appellee,

v.

**Christine NIESCHER;  Franz Hegele;
Snow Business, Defendants–
Appellants.**

No. 95–16081.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 1996.

Decided Jan. 21, 1997.

David C. Schutter, David C. Schutter & Associates, Honolulu, HI, for defendants-appellants.

Margaret Jenkins Leong, Goodsill, Anderson, Quinn & Stifel, Honolulu, HI, for plaintiff-appellee.

Before WALLACE, SCHROEDER, and ALARCON, Circuit Judges.

PER CURIAM:

German businesswoman Christine Niescher appeals the granting of partial summary judgment in favor of plaintiff-appellee Local Motion, Inc. Niescher brings this appeal after the district court approved dismissal of Local Motion's remaining claims without prejudice. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■ Local Motion contends the dismissal of its remaining claims without prejudice means there is no final judgment. This court has held that a *losing* party may not "manufacture finality" by dismissing his or her remaining claims without prejudice. *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073 (9th Cir.1994). Here, however, the prevailing party has dismissed the remaining claims without prejudice in an effort to prevent an appeal. *Dannenberg* and similar cases disapproved a party's "manipulation" of the appellate process. Local Motion is not entitled to use similar manipulation to thwart an appeal. The district court's judgment is appealable.

**BACKGROUND**

This is a contract dispute between Local Motion and Niescher regarding the distribution of Local Motion products in Germany. After agreeing to the cancellation of its Licensing Agreement with Local Motion, Niescher maintained she still had a separate Distribution Agreement with the company. She relied on language appearing in the Cancellation Agreement that provided that "[t]he parties understand, however, that there is a separate Distribution Agreement between them and by which they are bound." Local Motion contended that this language was left there inadvertently, and that there was no Distribution Agreement that survived the Cancellation Agreement. Local Motion sued Niescher, *inter alia*, for breach of contract, tortious breach of contract and breach of the covenant of good faith and fair dealing. Both parties then moved for partial summary judgment, each claiming that the other had breached a contract and the implied duty of good faith and fair dealing.

The district court granted partial summary judgment to Local Motion on the ground that there never was an enforceable Distribution Agreement because it had been entered into on the basis of a mutual mistake regarding its renewal terms. In the Distribution Agreement Local Motion had promised to grant Niescher a three-year exclusive distribution right to sell Local Motion merchandise in Germany. The document also provided that were Niescher to buy a certain dollar value of merchandise, she "[would] be granted the option to extend her distribution rights to three more years *at the same terms*." (emphasis added) (handwritten and initialed in the original). The district court found that the parties understood the phrase "at the same terms" to mean different things. Niescher asserted that she understood the renewal arrangement to apply indefinitely for as long as she satisfied the volume requirements. The district court found that Local Motion viewed the phrase as referring to a one-time only three-year extension. The court concluded that because both interpretations were reasonable, and because neither party had reason to know the meaning the other side attached to the phrase until after the document was executed, the contract was entered into on the basis of mutual mistake as to the renewal provision. The court also noted that had Local Motion and Niescher known of the discrepancy, they would not have entered into the agreement. In fact, the court observed that after the disagree-

ment became apparent, the business relationship between Niescher and Local Motion collapsed.

## DISCUSSION

Niescher challenges the court's ruling on various grounds. She first claims that the court erred in holding that an ambiguity in the Distribution Agreement prevents it from representing a meeting of the minds so as to create a valid contract.

Whether the Distribution Agreement constituted a valid enforceable contract is a matter of law, and therefore it was proper for the court to determine this issue on summary judgment. *Hanagami v. China Airlines, Ltd.,* 67 Haw. 357, 364, 688 P.2d 1139, 1145 (1984) (construction and legal effect to be given a contract is a question of law). The existence of an ambiguity in a contract is also a matter of law. *Cunha v. Ward Foods, Inc.,* 804 F.2d 1418, 1428 (9th Cir.1986). An ambiguous term is one susceptible to more than one reasonable interpretation. *Port of Portland v. Water Quality Ins. Syndicate,* 796 F.2d 1188, 1194 (9th Cir. 1986); *MPM Hawaiian Inc. v. World Square,* 4 Haw.App. 341, 345, 666 P.2d 622, 626 (an ambiguity exists when there is some doubt as to the meaning of written words), *rev'd on other grounds,* 66 Haw. 675 (1983). The presence of an ambiguous material term may indicate that no meeting of the minds occurred when the document was signed. 1 Corbin, *Contracts* § 4.10 (1993); Restatement 2d of Contracts § 20 ("There is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and ... neither party knows or has reason to know the meaning attached by the other....."). We agree with the district court that the phrase "at the same terms," which modified the renewal option, was "ambiguous as to whether or not it include[d] the renewal term itself." The district court's findings that the parties entered into the contract with different views of the meaning of the phrase are not clearly erroneous. Because there was no meeting of the minds between Local Motion and Niescher, the Distribution Agreement was not an enforceable contract.

Niescher also argues that it was error for the court to look beyond the "four corners" of the Distribution Agreement to determine that the renewal terms language was ambiguous. This argument has no merit because the parol evidence rule only applies when the court is interpreting a contract that is enforceable. *MPM Hawaiian,* 4 Haw. App. at 345–46, 666 P.2d at 625 (only in " 'the absence of fraud, duress, mutual mistake, or ambiguity, the parol evidence rule requires the exclusion of extrinsic evidence, oral or written' ") (citing *Industrial Indemnity Co. v. Aetna Casualty & Surety Co.,* 465 F.2d 934, 937 (9th Cir.1972)). Mutual mistake is a defense to formation, and the district court properly considered extrinsic evidence to determine not how an ambiguous term should be interpreted but whether the Distribution Agreement had been entered into on the basis of mutual mistake.

For similar reasons, we reject Niescher's contention that evidence of differing understandings created a triable issue of fact. The issue before the district court was not how an existing agreement should be interpreted, but whether a material difference of understanding had prevented the manifestation of mutual assent necessary to create a contract at all.

Niescher also contends the court inappropriately granted summary judgment to Local Motion by relying on a letter written by Local Motion's counsel, (the "Shea Letter"), because it constitutes inadmissible hearsay. *See* Fed.R.Civ.P. 56(e); *Beyene v. Coleman Sec. Serv., Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988) (only admissible evidence may be considered in deciding a motion for summary judgment). Local Motion appears to concede that the court may have improperly relied on the letter, but responds, correctly, that "even if the hearsay evidence is stricken, there is other uncontroverted evidence from which Local Motion's intent can be found." The draft agreements propounded by Local Motion, which would have bound Local Motion to a single three-year renewal term, also constituted evidence of its interpretation of the renewal provision.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order.

WALLACE, Circuit Judge, dissenting:

I respectfully dissent. The majority distinguishes *Dannenberg v. Software Toolworks,* 16 F.3d 1073 (9th Cir.1994), on the ground that Niescher, rather than Local Motion, brought this appeal. I agree that Local Motion should not be permitted to frustrate Niescher's ability to appeal by dismissing its remaining claims without prejudice. That argument should, however, have been directed to the district court. If Niescher wanted to preserve her right to appeal, she should have opposed Local Motion's motion to dismiss its remaining claims without prejudice. Because she did not, Niescher is at least as guilty of "manipulating" this court's jurisdiction as Local Motion. The district court's partial summary judgment is not a final order, and we lack jurisdiction over this appeal.