124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Scott H. SOUTHWORTH et al., Plaintiffs-Appellees,
v.
Michael W. GREBE et al., Defendants-Appellants.
 No. 97-1001.
 United States Court of Appeals, Seventh Circuit.
 Argued June 4, 1997
Decided July 11, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 96 C 0292-S, John C. Shabaz, Chief Judge.
 Before BAUER, WOOD and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs Scott Southworth, Amy Schoepke, and Keith Bannach, each a student at the University of Wisconsin-Madison Law School,[1] sued the members of the Board of Regents at the University of Wisconsin System alleging that the Regents' practice of compelling students to pay allocable student fees to fund private ideological and political groups on campus violates their rights of free speech and association, the free exercise clause of the Constitution, and the Religious Freedom Restoration Act. Plaintiffs also alleged pendent state law claims. They sought "declaratory and injunctive relief ...," specifically:
 
 
 2
 Declaratory relief stating that the Regents' policy and practice of giving funds collected through the mandatory student fees to private political and ideological groups is unconstitutional under the United States Constitution, violating the Plaintiffs' rights to freedom of speech, freedom of association, free exercise of religion, and their rights under the Religious Freedom Restoration Act.
 
 They also sought
 
 3
 injunctive relief against the Regents, ordering them and all of their officers, employees and other agents, to stop funding private groups that engage in ideological or political advocacy; or, in the alternative, to set up a procedure under which students who object to the views expressed by the groups receiving funding may opt out of paying the portion of the mandatory student fee that funds private ideological and political groups.
 
 
 4
 The parties filed cross-motions for summary judgment. The district court denied the defendants' motion, and granted plaintiffs summary judgment, concluding that the Regents' mandatory allocable segregated fee policy violated plaintiffs' first amendment rights to freedom of speech and association[2] But though it ordered declaratory relief, the district court did not address plaintiffs' request for injunctive relief Rather, it stated that "[b]ecause the parties have agreed to fashion their own remedy in the event a violation of plaintiffs' constitutional rights exists, this Court will not address at this time that which it believes may be that appropriate remedy."
 
 
 5
 The defendants appealed, asserting jurisdiction was proper under 28 U.S.C. § 1291. Section 1291 provides that "courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...." 28 U.S.C. § 1291. A decision is final for purposes of § 1291 if the district court's decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (citation omitted).
 
 
 6
 Because the district court did not address plaintiffs' request for injunctive relief, this court was concerned that the district court's decision was not final and appealable. At oral argument we pursued this issue with the parties, and requested supplemental briefing on this jurisdictional question.
 
 
 7
 In their supplemental brief, the defendants cite Kikumura v. Turner, 28 F.3d 592 (7th Cir.1994), and Abbs v. Sullivan, 963 F.2d 918 (7th Cir.1992), in support of their view that the district court's opinion is final and appealable. In Kikumura, the plaintiff had filed a complaint alleging that the defendants' prison policy violated his constitutional rights. The plaintiff sought both declaratory and injunctive relief The district court denied the plaintiff declaratory relief, but never addressed the issue of injunctive relief The plaintiff appealed and this court held that it had jurisdiction because "the court unequivocally entered a final judgment here, granting the defendant's motion for summary judgment in its entirety." Id. at 594.
 
 
 8
 The defendants claim that this case presents a comparable situation. It does not. In this case, the district court granted the plaintiffs summary judgment; in Kikumura, the court granted the defendants summary judgment. Thus, in Kikumura, there was nothing left for the court to do because the plaintiff lost on the constitutional claim. Here, the plaintiffs won on their constitutional claim, meaning the issue of injunctive relief is still pending.
 
 
 9
 Abbs is also inapposite. In Abbs, the plaintiff sought a declaratory judgment that the government's investigative procedures for scientific misconduct were invalid. The plaintiff also requested injunctive relief The district court denied as moot the request for a preliminary injunction, but granted the plaintiff declaratory relief Here, on the other hand, the district court did not deny the request for injunctive relief--it never ruled on the issue.
 
 
 10
 Notwithstanding these factual distinctions, defendants seize on the following language from Abbs: "[F]inality was unaffected by the fact that the plaintiffs might later move for injunctive relief if the government refused to accept the declaration." Id. at 923. This, defendants argue, supports a conclusion that this case is final.
 
 
 11
 Defendants read too much into this statement. The above excerpt merely recognizes that a declaratory judgment is a final judgment even if further relief could later be sought:
 
 
 12
 [A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
 
 
 13
 28 U.S.C. § 2201.
 
 
 14
 In other words, if a plaintiff requests only declaratory relief and a court rules on that request, the decision is final and appealable. However, if a plaintiff requests both declaratory and injunctive relief, and succeeds in obtaining a declaratory judgment, the district court must decide whether to grant or deny injunctive relief. Until it does so, there is something left for the court to do, and therefore, the district court's decision is not final and appealable. Peterson v. Lindner, 765 F.2d 698, 703 (7th Cir.1985) (concluding that a district court order was not final and appealable even though the court's order was a declaratory judgment because "it nonetheless left unresolved respondent's requests for injunction, for compensatory and exemplary damages, and for attorneys' fees.") (internal citation omitted).[3]
 
 
 15
 Plaintiffs present a more compelling argument for finality. They contend that the district court in effect ruled on the request for injunctive relief in the declaratory judgment. The plaintiffs point to the district court's statement that "the university must provide some sort of opt-out provision or refund system for those students who object to subsidizing political and ideological student organizations with which they disagree."
 
 
 16
 So far we have assumed that the district court did not rule on the request for injunctive relief But the above excerpt makes us unsure of the court's intent: Did the district court intend to grant injunctive relief as well? It seems not, given that in the very next sentence, the district court stated: "Because the parties have agreed to fashion their own remedy in the event a violation of plaintiffs' constitutional rights exists, this Court will not address at this time that which it believes may be that appropriate remedy."[4] Additionally, in its order, the district court did not mention injunctive relief, instead stating only "that judgment be entered declaring that the mandatory segregated fee policy violates the First Amendment to the United States Constitution." Moreover, in their motion for summary judgment, the plaintiffs informed the district court that it need not rule on their request for injunctive relief
 
 
 17
 This Court needs only to address the question of constitutional liability--whether the current mandatory fee system violates the Constitution. Plaintiffs believe that if this Court finds a constitutional violation, the parties can work out an acceptable remedy among themselves. If they can't reach agreement on a remedy, then the parties can return to this Court for its judgment on a proper remedy.
 
 
 18
 Given that the plaintiffs only sought summary judgment on the request for declaratory relief and that it is unclear whether the district court intended to enter an injunction, we cannot conclude that the district court ruled on the plaintiffs' request for injunctive relief. Reich v. ABC/York-Estes Corp., 64 F.3d 316, 320 (7th Cir.1995) (if it is unclear whether an injunction has been issued, or what conduct might be enjoined, there is no injunction). As Reich makes clear, Fed.R.Civ.P. 65(d) requires that an injunction be specific in terms and describe in reasonable detail the acts to be restrained, and if the district court's order is "unclear whether an injunction exists or what it enjoins," it has no binding force and cannot be appealed. Id.
 
 
 19
 The plaintiffs contend the district court intended to enter an injunction prohibiting the defendants from collecting mandatory student fees unless they provided an opt-out or refund mechanism for students who object to subsidizing the political or ideological views of student organizations with which they disagree. If so, the court should say so clearly under the procedures set forth in Fed.R.Civ.P. 58 and 65(d). Until the district court clarifies its intent and addresses the request for injunctive relief, the district court's judgment is not final and appealable.
 
 
 20
 There is yet another jurisdictional problem: In granting plaintiffs summary judgment, the district court did not rule on the plaintiffs' free exercise claim or claim based on RFRA. Additionally, the plaintiffs' reply brief in support of summary judgment asserts that the "plaintiffs withdr[e]w their pendent state law claims," yet it does not appear that the district court entered an order formally dismissing these claims. While a summary judgment ruling that fully disposes of all claims, among all parties, is final, 15B Wright, Cooper & Miller, Federal Practice and Procedure: Jurisdiction 2d § 3914.28 (1992), a summary disposition of less than all claims is not final (absent some other applicable jurisdictional provision). Id. Thus, on remand, the district court must unconditionally dispose of all remaining counts. See Horowitz v. Alloy Automotive Co., 957 F.2d 1431, 1335-36 (7th Cir.1992) (district court cannot create a final and appealable order by dismissing good counts with leave to reinstate); Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073, 1077 (9th Cir.1994) (stipulation to dismiss remaining claims without prejudice did not convert partial summary judgment into a final and appealable order).
 
 
 21
 Once these jurisdictional defects are cured-by (1) ruling on the request for an injunction, and (2) disposing of all remaining claims-the case will be final and appealable, and an appeal taken upon the filing of a notice of appeal[5] Given that the appeal will be successive, Operating Procedures, No. 6, reprinted in Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit at 214, and that extensive briefing and argument on the merits has already occurred, any briefing should be limited to the district court's decision concerning injunctive relief and the remaining counts. The court will then "notify the circuit executive whether oral argument is necessary." Id.
 
 
 22
 DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 The record indicates that Scott Southworth and Keith Bannach were scheduled to graduate in May 1997, and Amy Schoepke is scheduled to graduate in May 1998
 
 
 [2]
 Because the court concluded that the mandatory allocable segregated fee policy was unconstitutional, it concluded that "it need not address the alleged violations of plaintiffs' First Amendment rights to free exercise of religion and their rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb." The Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, has since been declared unconstitutional. City of Boerne v. P.F. Flores, Archbishop of San Antonio, 1997 WL 345322 (1997)
 
 
 [3]
 The defendants present other arguments for jurisdiction, most of which question the plaintiffs' right to injunctive relief--a question which is irrelevant for purposes of the jurisdictional issue because the district court never ruled on the request for injunctive relief
 
 
 [4]
 On appeal, the defendants stated: "The parties did not enter into any such agreement." [Appellants' Supp. Br. at 7.]
 
 
 [5]
 We assume the case has not become moot. As noted above, two plaintiffs were scheduled to graduate in May 1997, but the remaining plaintiff is not scheduled to graduate until May 1998. It is not clear what claims for non-monetary remedies remain for the plaintiffs who graduated. To prevent any further waste of judicial resources, any substitution of parties or class certification should take place before any successive appeal