**UNIVERSAL BANK, a federally chartered savings bank, Plaintiff–Appellant,**

v.

**NORTHLAND INSURANCE COMPANY, Defendant–Appellee.**

**No. 99–56495.**

**D.C. No. CV–98–4983–WDK (Ex).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided April 27, 2001.

Before FERGUSON, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM [1]

Universal Bank appeals the district court's judgment dismissing Universal's claims for breach of contract and breach of the implied covenant of good faith and fair dealing in its action to recover under a fiduciary bond issued by Northland Insurance Company.[2] The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo dismissals pursuant to Fed.R.Civ.P. 12(b)(6). *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994). We construe the complaint in the light most favorable to the plaintiff and "accept all well-pleaded factual allegations as true." *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir.2000) (citations omitted). As the operative facts occurred in California, we look to California law. *See California Union Ins. Co. v. American Diversified Sav. Bank,* 948 F.2d 556, 558 (9th Cir.1991).

Because Universal's claims did not fall within the bond's coverage provisions for forgery or defective signatures in a real estate transaction, the district court properly dismissed the cause of action al-

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. Universal voluntarily dismissed its claim for fraud and punitive damages. *See Dannenberg v. Software Toolworks, Inc.,* 16 F.3d 1073, 1076–77 (9th Cir.1994).

leging breach of contract. With respect to the forgery claim, the district court correctly held that the bond's coverage provision required the forged signature to be that of the bank customer. By the plain meaning of the provision, a signature on an instruction or advice is a covered forgery when it "purports" to be that of a bank customer but is not. *Cf. id.* at 559–60 (starting place for contract interpretation is plain meaning of contractual language). The district court properly relied on the definition of "purport" in *Webster's New World Dictionary* to construe the word in this context to mean that the signature claims to be something that it is not and is, therefore, fraudulent. *Cf. id.* at 560–61 (relying on dictionary). In addition, neither the purchase agreements nor escrow instructions met the bond's definition of "instruction," *see* Bond Definition Sections 1(k) & (v), or the specialized meaning of "advices" in the context of a commercial bank, *see, e.g., KW Bancshares, Inc. v. Syndicates of Underwriters at Lloyd's,* 965 F.Supp. 1047, 1052 (W.D.Tenn.1997). Finally, neither the purchase agreements nor the escrow instructions met the provision's requirement that the forged written instructions or advices be directed to the insured. *See Liberty Nat'l Bank & Trust Co. v. Nat'l Sur. Corp.,* 330 F.2d 697, 700 (6th Cir.1964) (interpreting identical language).

■ With respect to the bond coverage for defective signatures in real property mortgages, the district court properly construed the plain meaning of the phrase "like instrument pertaining to realty" to require legal equivalency to the terms immediately preceding it, "mortgages and deeds of trust." *See Jefferson Bank v. Progressive Cas. Ins. Co.,* 965 F.2d 1274, 1279 (3d Cir.1992) (construing identical language and holding title commitment was not "mortgage-like instrument"). Al-

though purchase agreements and escrow instructions may evidence legal or equitable rights between buyer and seller, they do not express a debtor-creditor relationship between the buyer and a third party, nor do they act as security for the creditor in the event of a default. *See Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352, 900 P.2d 601 (1995).

■ Because Northland's interpretation of the policy was reasonable, the district court properly dismissed Universal's cause of action for breach of the covenant of good faith and fair dealing and the related punitive damages claim. *See Karen Kane, Inc. v. Reliance Ins. Co.,* 202 F.3d 1180, 1190 (9th Cir.2000); *Lunsford v. Am. Guar. & Liab. Ins. Co.,* 18 F.3d 653, 656 (9th Cir.1994).

In light of the foregoing analysis, we do not reach the question of whether Universal's action was timely under the provisions of the bond.

AFFIRMED.