Maria Teresa ADONICAN, an individual, Plaintiff–Appellant,

v.

CITY OF LOS ANGELES, a Governmental Entity, and Does 1–10, Defendant–Appellee.

No. 01–17303.

United States Court of Appeals,
Ninth Circuit.

Aug. 6, 2002.

Lenton Aikins, The Aikins Law Firm, Long Beach, CA, for appellant Maria Teresa Adonican.

Douglas C. Smith, Bonne, Bridges, Mueller, O'Keefe & Nichols, Riverside, California; Martin Stein, Barry M. Wolf, Greines, Martin, Stein & Richland, LLP, Los Angeles, CA, for appellee City of Los Angeles.

Before BROWNING, KOZINSKI and BERZON, Circuit Judges.

## ORDER

Appellee's motion to dismiss this appeal for lack of jurisdiction is granted.

The parties wished to have a partial summary judgment reviewed before proceeding forward with Appellant's remaining claims. They entered into an agreement that Appellant would voluntarily dismiss her remaining claims, but would have the option to refile her dismissed claims at any time up to thirty days after a decision from this Court. Appellee agreed not to raise a statute of limitations defense during that time period. This agreement was never presented to the district court and was not approved by the court.

Thereafter, Appellant filed a voluntary dismissal of her remaining claims without prejudice, which Appellee signed. The District Court entered an order pursuant to this dismissal. Although a dismissal without prejudice can be a final, appealable order, there must be "no evidence [one or both of the parties] attempted to manipulate our appellate jurisdiction by artificially 'manufacturing' finality." *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1066 (9th Cir.2002).

The parties wanted a ruling on some, but not all, of the Appellant's claims before proceeding with the rest of the case. Federal Rule of Civil Procedure 54(b) states that the trial court must determine whether a judgment that disposes of less than all

claims and all parties should be considered final. The parties here have attempted to usurp the trial court's role. *See* Fed. R.Civ.P. 54(b); *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073 (9th Cir. 1994); *Cheng v. Comm'r*, 878 F.2d 306 (9th Cir.1989). As in *Dannenberg* and *Cheng*, the parties' agreement grants Appellant the right to resurrect her remaining claims at a later point in time, essentially holding them in abeyance in the trial court. In fact, here the agreement goes even farther than the ones in *Dannenberg* and *Cheng* by letting Appellant resurrect her claims whether she wins on appeal or not.

 Although the district court's order dismissing Appellant's claims is not limited by the parties' agreement and appears final on its face, we find sufficient evidence that the parties have attempted to manufacture finality in the partial summary judgment order to raise concerns about piecemeal litigation. *See Dannenberg*, 16 F.3d at 1074–78; *Cheng*, 878 F.2d at 308–11. An order is final if it contains "a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *In re Slimick*, 928 F.2d 304, 307 (9th Cir.1990); *see also, United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232–34, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958). In determining finality, courts examine both the trial judge's and the parties' conduct. *Schaefer*, 356 U.S. at 235–36, 78 S.Ct. 674; *In re Slimick*, 928 F.2d at 308. Here, the parties' conduct clearly evidences that they did not intend the dismissal without prejudice to end the litigation.

Our ruling today will not divest Appellant of the right to an appeal. Upon return to the trial court, Appellant can (1) seek permission of the court to refile her claims as allowed under the terms of the parties' agreement and proceed to trial on them; (2) file a motion to dismiss those claims not covered by the partial summary judgment with prejudice; or (3) file a Rule 54(b) motion, the determination of which remains within the sound discretion of the trial court. Once all claims against all parties have been decided on the merits, or the trial court enters a Rule 54(b) final judgment severing out the partial summary judgment, the parties will then be entitled to seek review from this Court.

**DISMISSED.**