**Judy HUGHES, Plaintiff—Appellant,**

v.

**PACIFIC TELESIS GROUP CASH BALANCE PLAN FOR SALARIED EMPLOYEES; the General Employees' Benefit Committee of the Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees; the Employee Benefit Claim Review Committee of the Pacific Telesis Group Cash Balance Pension Plan for Salaried Employees; the Pacific Telesis Group; Pacific Bell, Defendants—Appellees.**

No. 00–56298.

D.C. No. CV–99–00829–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2003.

Decided March 28, 2003.

---

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM *

Judy Hughes appeals the district court's grant of summary judgment against her. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination de novo and affirm in part and reverse in part.

The administrator of Hughes' pension plan excluded certain incentive ("over-excellence") compensation from the calculation of her pension. Hughes argues the district court improperly reviewed the plan administrator's decision for abuse of discretion. We find it unnecessary to reach this issue because the administrator's decision is in accord with the pension plan's unambiguous language and thus proper even under de novo review. *Local Motion, Inc. v. Niescher,* 105 F.3d 1278, 1280 (9th Cir.1997); *Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1324 (9th Cir.1995). The pension plan included incentive compensation "to the extent the *payment effective date* is within the applicable measuring period [June 30, 1991 to June 30, 1996]." (Emphasis added.) The Sales Compensation Plan expressly stated that over-excellence bonuses "will not be paid until end of year close out."

Hughes alternatively argues that she was misled to believe over-excellence compensation would be included in her pension and that she relied on this misinformation in deciding to take early retirement. Taken in the light most favorable to Hughes, Charles Maley's voicemail raises a triable issue of material fact regarding a breach of fiduciary duty. *See Wayne v. Pacific Bell,* 238 F.3d 1048, 1055 (9th Cir. 2001). Maley, the Director of Pension and Savings Plans, could be understood to have represented that commissions on sales made before July 1, 1996 would be included in pension calculations, because it is the "sales effective date" that is relevant even if payment was actually made after July 1. Moreover, Hughes presented sufficient evidence of reliance to survive summary judgment and Pacific contests this only with evidence outside the record. Finally,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pacific's argument that Hughes' misrepresentation claim is barred under *Bowles v. Reade,* 198 F.3d 752 (9th Cir.1999), and *Cline v. Industrial Maintenance Engineering & Contracting Co.,* 200 F.3d 1223, 1229 (9th Cir.2000), is misplaced. This claim is made in the alternative and, as we have already held, no other relief is available. *See Varity Corp. v. Howe,* 516 U.S. 489, 509–15, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474–75 (9th Cir.1997).

We therefore remand to the district court for trial on Hughes' breach of fiduciary duty claim and otherwise affirm summary judgment as to her other claims. The parties shall bear their own costs on appeal.

**AFFIRMED IN PART and REVERSED IN PART.**