**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN C. FISHER, | No. 12-16135 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-02217-MCE-CKD |
| v. | |
| DIRECTOR OF CDC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Sean C. Fisher, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his

First and Fourteenth Amendment rights and negligence under state law. We have

jurisdiction under 28 U.S.C. § 1291 as Fisher has voluntarily dismissed with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prejudice his remaining claims.  *See Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1076-78 (9th Cir. 1994) (a voluntary dismissal with prejudice precludes possibility of later pursuing the dismissed claims).  We review de novo.  *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003).  We affirm.

Consistent with our prior memorandum disposition, the district court considered Fisher's claims that he had been denied access to the prison grievance system and retaliated against, and properly concluded that Fisher had failed to allege sufficient facts to state a First Amendment claim against all but two of the named defendants because the allegations in the complaint demonstrated that Fisher had availed himself of the grievance process on numerous occasions and his appeals were rejected on procedural bases.  *See id.* at 860 (inmates lack a separate constitutional entitlement to a specific prison grievance procedure); *see also Brodheim v. Cry,* 584 F.3d 1262, 1271 (9th Cir. 2009) (to prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct).

Contrary to Fisher's contentions, our prior memorandum disposition expressed no opinion as to the sufficiency of Fischer's allegations, but instead simply held that the amended complaint comported with the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

Fischer's contentions regarding the district court's review of the magistrate judge's screening order are unsupported.

Fisher's motion for judicial notice is granted.

Fisher's motion for "disposition of this appeal to be designated an opinion" is denied.

**AFFIRMED.**