**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YADIR A. ONTIVEROS, as an individual, and on behalf of all others similarly situated, | No. 17-56644 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-07118-DMG-RAO |
| v. | |
| SAFELITE FULFILLMENT, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| SAFELITE GROUP, INC., et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted August 8, 2018
Pasadena, California

Before: GRABER, WARDLAW, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this class action, Plaintiff Yadir A. Ontiveros alleges that Defendant Safelite Fulfillment, Inc. violated California's wage and hour laws. The parties agreed to have the district court decide the merits of Plaintiff's claims first, on summary judgment, and then to litigate class certification. After the district court resolved several key issues in Plaintiff's favor, Defendant mailed to putative class members packets containing settlement agreements and encouraging putative class members to settle. The district court ruled that the communications were misleading, invalidated the releases contained in the settlement agreements, and ordered Defendant to send a "curative notice" to the individuals who had received the packets. Defendant appeals. On de novo review, Bingue v. Prunchak, 512 F.3d 1169, 1172 (9th Cir. 2008), we dismiss the appeal for lack of jurisdiction.

In the absence of a final judgment, we lack jurisdiction to review the orders in question. 28 U.S.C. § 1291; Dannenberg v. Software Toolworks Inc., 16 F.3d 1073, 1074 (9th Cir. 1994). No exception to the final judgment rule applies here because Defendant has not identified a "right at stake [that] will be destroyed if not vindicated before trial." McElmurry v. U.S. Bank N.A., 495 F.3d 1136, 1140 (9th Cir. 2007) (internal quotation marks and brackets omitted).

Defendant's interests in avoiding the uncertainty and costs of litigation, alone, are not so great as to justify immediate review. Assuming that the

2

settlement agreements at issue are valid, <u>only some</u> putative class members settled their claims—meaning that Defendant still must litigate this case. If the result is adverse to Defendant, it remains free to argue, in a later appeal following final judgment, that the district court erred in invalidating the releases and that those releases free Defendant from having to compensate the settling class members further.

As for the argument that the orders infringe on Defendant's First Amendment rights, Defendant has not identified a risk of harm so great as to justify across-the-board appellate review of all orders requiring curative notice. <u>See</u> <u>Mohawk Indus., Inc. v. Carpenter</u>, 558 U.S. 100, 108 (2009) (explaining that a party seeking review before a final judgment must demonstrate that "deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders").

**DISMISSED.**