FILED

**NOT FOR PUBLICATION**

MAR 12 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD KILE, Personal Representative of the Estate of Edward Kile,

Plaintiff-Appellant,

v.

USAA CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

No. 17-16431

D.C. No. 4:15-cv-00380-RM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted March 4, 2019
Phoenix, Arizona

Before: CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Richard Kile appeals the district court's partial grant of USAA Casualty

Insurance Company's motion for summary judgment. Although the parties did not

raise the question of our jurisdiction, we must consider it sua sponte. *WMX Techs.,*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc). We dismiss for lack of jurisdiction.

Orders granting partial summary judgment generally are not final appealable orders because they do not dispose of all claims. *Cheng v. Comm'r IRS*, 878 F.2d 306, 309 (9th Cir. 1989). Although we take a pragmatic approach to finality where events after a nonfinal order fulfill the purposes of the final judgment rule, we have repeatedly admonished that parties may not avoid this rule "without fully relinquishing the ability to further litigate unresolved claims." *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1075, 1077 (9th Cir. 1994).

The stipulated dismissal here was labeled "with prejudice," but Kile conceded at oral argument that it was not really with prejudice because the parties agreed that a dismissed claim could be reinstated on remand if we were to reverse. This stipulation is insufficient to create appellate jurisdiction over an otherwise nonfinal order. *See id.*; *Cheng*, 878 F.2d at 310. Kile's proposed resolution – to dismiss the claim that could be reinstated – was not part of the record, and we did not receive from the parties an unqualified offer to make it part of the record. Nor did the parties cite authority showing that this proposed resolution would create appellate jurisdiction.

In sum, nothing the parties did after the district court entered partial summary judgment was sufficient to give us jurisdiction.

**DISMISSED.**