**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JOSEPH MICHAEL SUNDE, AKA J. Michael Sunde; VIKTORIYA SOKOL SUNDE,<br><br>                     Debtors,<br>_____<br><br>JOSEPH MICHAEL SUNDE, AKA J. Michael Sunde; VIKTORIYA SOKOL SUNDE,<br><br>                     Appellants,<br><br>  v.<br><br>NEVADA DIVORCE & DOCUMENT SERVICES, INC.,<br><br>                     Appellee. | No.   19-16417<br><br>D.C. No. 3:18-cv-00458-MMD<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted August 10, 2020[**]
San Francisco, California

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Joseph Michael Sunde and Viktoriya Sokol Sunde (Sundes) appeal pro se from the district court's dismissal of their appeals from the proceedings in the bankruptcy court. The parties are familiar with the facts, so we do not repeat them here. We dismiss the appeal for lack of jurisdiction. *See Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1074 n.1 (9th Cir. 1994) ("we have an independent duty to determine whether appellate jurisdiction exists," even though a motions panel denied motion to dismiss for want of jurisdiction).

Sundes' notice of appeal identified as the only order on appeal the district court's July 5, 2019 post-judgment order. That is not a final appealable order under 28 U.S.C. § 1291. The district court merely reiterated its prior ruling that it lacks jurisdiction, performed the housekeeping task of dismissing all pending motions as moot pursuant to its previous ruling, and precluded further briefing in the cases. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898 (9th Cir. 2001) ("mere ministerial" post-judgment orders are not appealable); *United States v. Ray*, 375 F.3d 980, 986 n.7 (9th Cir. 2004) (appeal is "not available" for "an administrative or ministerial order").

To the extent that Sundes seek to challenge the district court's February 13, 2019 order dismissing the cases for lack of jurisdiction, we do not consider the challenge because Sundes' July 16, 2019 notice of appeal was untimely as to that

2

order.  *See* Fed. R. App. P. 4(a)(1)(A) (a notice appeal "must be filed … within 30 days after entry of the judgment or order appealed from").  The untimely notice of appeal deprives us of jurisdiction.  *See United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007).

**DISMISSED.**